**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

THAMARA FROES,

    Plaintiff,                            Case No.:

v.

SOUTH BROWARD HOSPITAL DISTRICT d/b/a
MEMORIAL REGIONAL HOSPITAL,
INPHYNET SOUTH BROWARD, INC., and
ADVANCED DATA PROCESSING, INC., d/b/a
INTERMEDIX

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, THAMARA FROES [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL REGIONAL HOSPITAL, [hereinafter "MEMORIAL] and INPHYNET SOUTH BROWARD, INC., [hereinafter "INPHYNET"] and ADVANCED DATA PROCESSING, INC. d/b/a INTERMEDIX [hereinafter "INTERMEDIX"] for deceptive and illegal debt collection practices. Plaintiff, THAMARA FROES, further alleges violations of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. 1692, et seq., against INPHYNET and INTERMEDIX.

1. Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

**LEGAL STANDARD**

2. The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

**Trial By Jury**

3. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

**Jurisdiction and Venue**

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

5. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

6. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendant transacts and/or conduct business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

**Parties**

7. Plaintiff is a natural person who currently resides in Boca Raton, Florida.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff originally received medical care and treatment as a result of a compensable workers compensation accident while she was employed as a cocktail server at Murphy's Law Irish Pub on or about 10/18/2012. More specifically, on that date, suffered a slip and fall at her place of employment. Plaintiff was wearing her work uniform and was taken from her employer's premises by ambulance, which is the charge that INTERMEDIX is currently illegally dunning her for. As noted above, Plaintiff was wearing her work uniform when she was transported by ambulance, and advised all personnel of the circumstances surrounding her accident while they transported her to MEMORIAL hospital. Plaintiff then received a variety of medical care and treatment at MEMORIAL and similarly advised them that this was a workers compensation accident. There is no doubt that MEMORIAL knew this was a workers compensation accident as they provided Plaintiff with Workers Compensation forms (See Exhibit A) which is standard operating procedure at MEMORIAL. MEMORIAL HOSPITAL then began acting jointly and in concert with INPHYNET to collect this illegal debt. (See Exhibit B) Additionally, all of the medical care and treatment he has received has been approved and authorized by the workers compensation carrier, and Plaintiff has informed all of the Defendants that his condition was as a result of a work related injury. All requests for medical care have been authorized and accepted as compensable by the workers compensation carrier since the initial date of accident.

10. All Defendants have sent Plaintiff dunning letters (See Exhibits A and B and C) demanding payment from Plaintiff for a debt that Plaintiff bears no legal responsibility for. . The dunning letters referenced above were "communications" as that term is contemplated by the FDCPA and the FCCPA.

11. All Defendants are "debt collectors" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 1154 MD Fla 2005). INTERMEDIX and INPHYNET are "debt collectors" per the FDCPA. All Defendants have illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.

12. As a result of all Defendant actions violating provisions of the FCCPA the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9).

**Factual Allegations**

13. Pursuant to Chapter 440 et seq., it is illegal to bill injured employees for authorized care that is received as a result of a worker's compensation accident. The FDCPA is a strict liability statute (480 F3d 493 (7th Cir.2007), and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation. As noted in the FCCPA, "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

14. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

## COUNT 1 AS TO INPHYNET
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

15. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

16. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

       a. Actual damages;
       b. Statutory damages pursuant to Fla. Stat. 559.72(2);
       c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
       d. Such other and further relief as the Court may deem to be just and proper.

e. Plaintiff respectfully demands trial by jury in this action.

## COUNT 2 AS TO INPHYNET
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

17.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.   The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

19.   As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

   a. Damages; and
   b. Attorneys' fees and costs.

## COUNT 3 AS TO INPHYNET
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

20.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.   Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

22. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

### COUNT 4 AS TO INPHYNET
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

25. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

### COUNT 1 AS TO MEMORIAL
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt

collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

26. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

27. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Actual damages;
    b. Statutory damages pursuant to Fla. Stat. 559.72(2);
    c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
    d. Such other and further relief as the Court may deem to be just and proper.
    e. Plaintiff respectfully demands trial by jury in this action.

### COUNT 1 AS TO INTERMEDIX
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

30. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and
    b. Attorneys' fees and costs.

### COUNT 2 AS TO INTERMEDIX
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

33. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and
    b. Attorneys' fees and costs.

## COUNT 3 AS TO INTERMEDIX
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

36. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

   a. Damages; and
   b. Attorneys' fees and costs.

## COUNT 4 AS TO INTERMEDIX
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

37. Defendant has actual knowledge that Plaintiff's medical treatment was as a result of a compensable workers compensation accident. Because the Plaintiff's medical treatment was due to a compensable workers compensation claim, Defendant is restricted as a matter of law to collecting from the workers compensation carrier.

38.     As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

      a. Actual damages;
      b. Statutory damages pursuant to Fla. Stat. 559.72(2);
      c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
      d. Such other and further relief as the Court may deem to be just and proper.
      e. Plaintiff respectfully demands trial by jury in this action.

### Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: February 26, 2013           Respectfully Submitted,

                                    s/ J. Dennis Card, Jr.
                                    J Dennis Card, Jr., Esq.
                                    E-mail:  Dcard@archerbay.com
                                    Florida Bar No. 0487473
                                    Archer Bay, P.A.
                                    2639 Dr. MLK Jr. Street N.
                                    St. Petersburg, Florida 33704
                                    Telephone: (727) 822-8696
                                    Facsimile: (866) 984-5239
                                    Attorney for Plaintiff

# Memorial Regional Hospital



*In order to bill your Worker's Compensation Carrier, we will need the following information to process your claim.*

Claim number for injury: _____

Name of adjustor assigned to your case: _____

Name of Worker's Compensation Carrier: _____

Claims Address: _____

City: _____ State: _____ Zip Code: _____

Claims Phone Number: ( ) _____ Ext: _____

*Once you have obtained this information, please call ER Registration or fax this form back to us as soon as possible so we can update your account.*

ER Registration (954) 265-1001     ER Registration Fax: (954) 393-6135

*Thank you!*

****************** **To be filled out by your ER Registrar** ******************

MR#: 7000218      Date of Service 10/18/12

EXHIBIT A

PLANTATION BILLING CENTER
PO BOX 189016
PLANTATION FL 33318-9016

*DETACH AND RETURN THIS COUPON WITH THE REVERSE SIDE COMPLETED TO PAY BY CREDIT CARD, TO PROVIDE INSURANCE INFORMATION OR FOR CHANGE OF ADDRESS.*

Patient Name: THAMARA FROES         AMT DUE: $817.00

PHYSICIAN SERVICES RENDERED AT: MEMORIAL REGIONAL HOSPITAL

Credit card charges will appear as "Team Health"

-18000
CL-052240
THAMARA FROES
BOCA RATON FL 33428-7811

26
INPHYNET SOUTH BROWARD, INC.
DEPT: A ☐ B ☐ C ☐ (check one - see reverse)
PO BOX 189016
PLANTATION FL 33318-9016

8170071

↑ Detach Here ↑

Amount Past Due: $817.00                                                    2/10/2013

Account Number: ██████-18000
PATIENT NAME: THAMARA FROES

Dear Thamara Froes,

We are writing in regard to an overdue balance of $817.00 for medical services provided to you at MEMORIAL REGIONAL HOSPITAL. This is your final notice. In order to avoid having your account placed with a collection agency, please remit balance in full today or call our patient service center.

When paying by check, please be sure to return the bottom coupon in the enclosed envelope.

For your convenience, you may also pay by credit card on our website at http://www.thbillpay.com/, or by telephone by contacting our patient services center at 1-888-952-6772. You may also mail or fax your credit card payment to us by completing the credit card information box on the reverse side of the top coupon. (FAX: 954-377-2304). To mail: detach the coupon and return it in the enclosed envelope.

Sincerely,
Patient Services

↓ Detach Here ↓

## PAYMENT COUPON - RETURN WHEN PAYING BY CHECK OR MONEY ORDER

PATIENT NAME: THAMARA FROES    ACCT#: ██████-18000    CHECK#: _____    AMT PAID: _____

PHYSICIAN SERVICES RENDERED AT: MEMORIAL REGIONAL HOSPITAL

☐ CHECK HERE FOR CHANGE OF ADDRESS

DO NOT STAPLE OR TAPE YOUR CHECK OR MONEY ORDER TO THIS COUPON

MAKE CHECKS PAYABLE TO:

-18000
Thamara Froes
Boca Raton FL 33428-7811

28
INPHYNET SOUTH BROWARD, INC.
PO BOX 740022
CINCINNATI OH 45274-0022

8170071

EXHIBIT B